Andrew A. Goode, State Bar No. 136047
agoode@bishop-barry.com
Rebecca B. Aherne, State Bar No. 110888
raherne@bishop-barry.com
BISHOP | BARRY
A Professional Law Corporation
6001 Shellmound Street, Suite 875
Emeryville, California 94608
Telephone: (510) 596-0888
Facsimile:  (510) 596-0899

Attorneys for Plaintiff UNITED SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>DHILLON EXPRESS LLC; REYNALDO CARPIO; GLENDA CARPIO; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 3:19-cv-01655<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("UNITED SPECIALTY") complains against defendants DHILLON EXPRESS LLC, REYNALDO CARPIO, GLENDA CARPIO, and each of them, as follows:

## INTRODUCTION

1.     This is an action for declaratory relief to settle questions concerning insurance coverage for a judgment in a suit for damages resulting from an August 9, 2015 automobile accident on Highway I-10 in Fort Stockton, Texas which resulted in injuries to Reynaldo Carpio ("the Accident"). The Accident occurred when a tractor-trailer allegedly operated by Thanh Dien ("Dien"), on behalf of A-1 Group LLC ("A-1"), veered left onto the median, and after 3/4 of a

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888  FACSIMILE: (510) 596-0899

1   mile, collided with the center column of an overpass.  Co-driver Reynaldo Carpio, who was

2   allegedly in the passenger seat, suffered injuries as a result of the collision.  The Accident is more

3   specifically detailed in paragraphs 21, 22, 23 and 24 which are incorporated herein for

4   informational purposes.

5        2.   Reynaldo Carpio and his wife Glenda Carpio brought a personal injury action

6   against A-1 and Dien ("the Carpio Action") on February 5, 2016 in the Los Angeles County

7   Superior Court, Case No. BC609172.  The complaint in the Carpio Action asserted causes of action

8   for negligence, failure to maintain workers compensation and loss of consortium based on the

9   allegations that Dien, a driver and agent for A-1, was driving eastward on Highway I-10 in Fort

10  Stockton and operating a tractor owned by A-1 when he lost control of the vehicle, veered off the

11  road and collided with a concrete overpass.  The complaint further alleged that Reynaldo Carpio,

12  also a driver for A-1 and a passenger in the tractor, was injured as a result of Dien's negligence.  A

13  true and correct copy of the complaint in the Carpio Action is attached hereto as Exhibit A.

14       3.   An attorney filed an answer to the complaint on behalf of Dien, but thereafter Dien

15  represented himself.  On October 3, 2016, a default was entered against A-1.

16       4.   Notwithstanding the tractor and trailer involved in the accident are listed as covered

17  autos under A-1's commercial automobile policy issued by Allied Premier Insurance ("Allied"),

18  Allied declined to defend A-1 and Dien in the Carpio Action.

19       5.   On September 22, 2016, Dhillon Express LLC ("Dhillon") was added to the Carpio

20  Action as DOE 1 based on the assertion that the tractor was owned by Dhillon and leased to its

21  "joint venturer" A-1.  A true and correct copy of the Amendment to Complaint substituting Dhillon

22  as DOE 1 is attached hereto as Exhibit B.  A default was entered against Dhillon on January 19,

23  2017.

24       6.   The "trial" in the Carpio Action took place on May 24, 2018 and consisted of

25  testimony of Reynaldo and Glenda Carpio, and documentary evidence including the equipment

26  lease entered into between Dhillon and A-1.  A minute order provides: (1) judgment was entered

27  on June 25, 2018; (2) A-1, Dien and Dhillon did not appear; and (3) defaults had been previously

28  taken against A-1 and Dhillon.  Judgment was given as follows: 4,868,207 for Reynaldo Carpio

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

1  against A-1, Dien and Dhillon, and $750,000 for Glenda Carpio against A-1, Dien and Dhillon.

2  The court's Entry of Judgment provides in part: "[T]he trial consisted of a trial on the merits as to

3  the defaulting party and a prove-up hearing by oral testimony and documentary evidence as to the

4  defaulted parties. There was no request for a statement of decision and none was required because

5  of the length of the trial."

6       7.     United Specialty issued a Commercial Automobile Policy No. GWP10184 in

7  Alameda County to Dhillon for the period July 8, 2015 to July 8, 2016 ("the Policy").

8       8.     On January 22, 2019, United Specialty was first notified of the Accident and the

9  Carpio Action by letter dated January 15, 2019 from Eric Ryanen, counsel for the Carpios. The

10  letter enclosed a copy of the Crash Report, the Equipment Lease Agreement between Dhillon and

11  A-1, the complaint in the Carpio Action, the notice of entry of default against Dhillon and the

12  abstract of judgment. This January 15 letter states that the "evidence adduced at trial supported the

13  findings" that: (1) the tractor was owned by Dhillon and leased to A-1; (2) the equipment lease

14  agreement between Dhillon and A-1 provided that Dhillon was responsible for the maintenance of

15  the tractor; (3) the cause of the Accident was brake failure. The trial concluded with a judgment

16  against Dhillon.

17       9.     United Specialty alleges there is no coverage under the Policy for the Accident

18  because the tractor and trailer involved in the Accident were not listed or scheduled for coverage

19  under the Policy. United Specialty further alleges it has no public liability obligations under the

20  MCS-90 Endorsement attached to the Policy because under federal law, the endorsement applies

21  only in the event of a judgment or settlement against the named insured and only if the insured was

22  acting as a for hire motor carrier at the time of the accident. United Specialty alleges Dhillon was

23  not acting as a for hire motor carrier at the time of the Accident. In addition, the MCS-90

24  Endorsement does not otherwise apply to injuries to employees (defined under federal law as

25  including independent contractors) in the course of their employment.

26       10.    An actual, present and justiciable controversy exists between the parties as to

27  whether the Policy or the MCS-90 Endorsement provides recovery for any portion of the judgment

28  entered in the Carpio Action.

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888  FACSIMILE: (510) 596-0899

3

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

11.    All identifiable persons or entities who may have a claim or interest in the matters in controversy or who would be affected by the declarations made by the Court have been named as defendants in this action.

### THE PARTIES

12.    United Specialty is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Bedford, Texas.  Prior to the filing of this action, United Specialty has complied with all applicable requirements both to engage in the business of insurance, as well as to file this action.

13.    United Specialty is informed and believes that defendant Dhillon is a California corporation with its principal place of business in San Bernardino County.

14.    United Specialty is informed and believes that defendant Reynaldo Carpio is a resident of the State of California.

15.    United Specialty is informed and believes that defendant Glenda Carpio is a resident of the State of California.

16.    United Specialty is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.  United Specialty will amend this complaint to allege their true names and capacities when ascertained.

### JURISDICTION

17.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

18.    The amount in controversy is $1,000,000, the per accident limit of liability under the Policy, or $750,000, the limit for public liability provided under the MCS-90 Endorsement attached to the Policy.  These amounts exceed the sum of $75,000.

19.    Complete diversity of citizenship exists in that Plaintiff United Specialty is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Texas and Plaintiffs are citizens of the State of California.

4

COMPLAINT FOR DECLARATORY RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

## VENUE

20.     Venue is proper as defendants because defendants Reynaldo and Glenda Carpio are residents of the State of California, and defendant Dhillon, as a California corporation which does business in this district, is a resident of this district because it is subject to this court's personal jurisdiction. This is also the district in which "a substantial part of the events or omissions giving rise to the claim occurred" as the Policy, which is the subject of this action, was issued in Livermore, California.

## THE CRASH REPORT

21.     The Texas Police Officer's Crash Report ("the Crash Report") dated August 12, 2015 states the Accident occurred on August 9, 2015 at 4:30 a.m. on U.S Highway I-10 in Fort Stockton, Pecos County, Texas. The speed limit in this area is noted to be 80 mph. Unit 1 is identified as a 2012 black International Harvester tractor VIN# 3HSDJSJR7CN620757. Reynaldo Carpio is identified as the driver who occupied the left front seat of the tractor. He is also identified as the owner of the tractor. Dien is identified as a passenger or occupant of the tractor who occupied the front right seat.

22.     Unit 2 is described as a 2015 white trailer VIN# 1UYVS2535FU223121. Both the tractor and trailer were towed by Barbee's Wrecker Service in Fort Stockton.

23.     The driver and passenger were taken to Pecos Memorial Hospital in Fort Stockton. No charges were filed against them. The motor carrier is identified as A-1 Group LLC, DOT#2517715. The section of the Crash Report pertaining to vehicle defects was left blank. However, the Crash Report notes the "Contributing Factor" was that the driver was "fatigued or asleep."

24.     Officer Evanjelina Salamanca states in the "Investigator's Narrative Opinion of What Happened" of the Crash Report:

UNIT 1 WAS HAULING UNIT 2 HEADING EAST ON INTERSTATE 10. SHORTLY AFTER MILE MARKER 256, UNIT 1 VEERED TO THE LEFT END GUARD RAIL, THEN CONTINUED IN THE MEDIAN APPROXIMATELY 3/4 OF A MILE, LEAVING THE ROAD WAY AND COLLIDING WITH THE CONCRETE OVER PASS.

WHEN THE VEHICLE COLLIDED WITH THE CONCRETE OVER PASS, THE DRIVER WAS EJECTED TO THE BACK SLEEPER. SEAT BELT WAS STILL INTACT.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

## THE POLICY

25.     The Policy provides commercial automobile coverage for covered "autos" designated by symbol 67 pursuant to the "Motor Carrier Coverage Form" (CA 00 20 03 10) that states in relevant part:

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

**A.     Description of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|-----------|-----------|
| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

26.     The Policy's "Schedule Of Covered Autos - Extension Of Declarations - Item Three - Schedule Of Covered Autos You Own" does not list the tractor or trailer involved in the Accident.

27.     The Policy's Motor Carrier Coverage Form further provides that coverage is only afforded for "accidents" resulting from the ownership, maintenance or use of a covered "auto," and states in relevant part:

**SECTION II - LIABILITY COVERAGE**

**A.     Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

28.     The MCS-90 Endorsement, entitled "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Section 29 and 30 of the Motor Carrier Act of 1980," provides in relevant part:

The insurance policy, to which this endorsement is attached, provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

COMPLAINT FOR DECLARATORY RELIEF

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Section 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.  Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

### FIRST CLAIM

#### (For Declaratory Relief – Duty to Indemnify)

29.     United Specialty reincorporates and realleges, each and every allegation set forth in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     The Policy obligates United Specialty to pay all sums an insured legally must pay as damages because of "bodily injury" or "property damage" caused by an "accident" resulting from the ownership, maintenance or use of a covered "auto."  The tractor and trailer involved in the Accident were not covered "autos" under the Policy because neither was listed or scheduled for coverage under the Policy.  Thus, United Specialty alleges there is no coverage for the Accident under the Policy.  This means that the Policy does not apply to any portion of the damages awarded to Reynaldo and Glenda Carpio in the Carpio Action.

31.     A judicial declaration is necessary and appropriate at this time because an actual, present and justiciable controversy exists between the parties as to whether the Policy applies to any portion of the damages awarded to Reynaldo and Glenda Carpio in the Carpio Action.

WHEREFORE, United Specialty requests the court enter judgment in its favor as set forth below.

### SECOND CLAIM

#### (Declaratory Relief - Public Liability)

32.     United Specialty reincorporates and realleges, each and every allegation set forth in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     United Specialty alleges it has no public liability obligations under the MCS-90 Endorsement attached to the Policy because, under federal law, the endorsement applies only in the

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

COMPLAINT FOR DECLARATORY RELIEF

1  event of a judgment or settlement against the named insured and only if the insured was acting as a

2  for hire motor carrier at the time of the accident.  United Specialty alleges Dhillon was not acting

3  as a for hire motor carrier at the time of the Accident.  Rather, the tractor-trailer was being operated

4  under the motor carrier authority of A-1 and specifically under A-1's U.S. Department of

5  Transportation number (DOT 2517715).

6       34.    In addition, and in the alternative, United Specialty alleges the MCS-90

7  Endorsement does not apply to injuries to employees (defined under federal law as including

8  independent contractors) in the course of their employment.

9       35.    A judicial declaration is necessary and appropriate at this time because an actual,

10  present and justiciable controversy exists between the parties as to whether the MCS-90

11  Endorsement applies to any portion of the damages awarded to Reynaldo and Glenda Carpio in the

12  Carpio Action.

13      WHEREFORE, United Specialty requests the court enter judgment in its favor as set forth

14  below.

15      WHEREFORE, plaintiff United Specialty prays as follows:

16  1.  For a declaration that United Specialty has no obligations under the Policy for any portion

17      of the damages awarded to Reynaldo and Glenda Carpio in the Carpio Action;

18  2.  For a declaration that United Specialty has no obligations under the MCS-90 Endorsement

19      for any portion of the damages awarded to Reynaldo and Glenda Carpio in the Carpio

20      Action;

21  3.  For costs incurred in this action;

22  4.  For such other and further relief as the Court deems just and proper.

23

24  Dated: March 29, 2019

                          BISHOP | BARRY

25

26

                          By:

27                             Andrew A. Goode

                           Attorneys for Plaintiff United Specialty

28                             Insurance Company

BISHOP | BARRY

6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94506
TELEPHONE: (510) 596-0888  FACSIMILE: (510) 596-0899

COMPLAINT FOR DECLARATORY RELIEF

# EXHIBIT "A"

02/08/2016  15:57    21367    '2          LASC                           PAGE   03/05

03:56:14 p.m. 01-05-2016   0   8884581559

02/05/2016  15:39    8884581559          SITZER ESQ.                    PAGE   09

A1723
A7100

1   ANDREW D. SITZER, ESQ.   SBN 239986
    LAW OFFICES OF ANDREW D. SITZER
2   930 E. SANTA ANA BLVD
    SANTA ANA, CA 92701
3   (800) 420-8653

4   ATTORNEY FOR PLAINTIFFS, REYNALDO CARPIO, GLENDA CARPIO

5

6                       SUPERIOR COURT OF CALIFORNIA

7              COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

8

9   REYNALDO CARPIO and GLENDA          Case No.:   BC 6 0 9 1 7 2
    CARPIO,
10                                      UNLIMITED CIVIL CASE –
              Plaintiffs,               DEMAND EXCEEDS $25,000.00
11
          vs.                           COMPLAINT
12
    A-1 GROUP LLC, THANH DIEN, and       1.  NEGLIGENCE
13  DOES 1 to 10, inclusive,             2.  NEGLIGENCE AND FAILURE TO
                                             MAINTAIN WORKERS
14            Defendants.                    COMPENSATION INSURANCE
                                            (Pursuant to Labor Code sections 3706-
15                                          3709))
                                         3.  LOSS OF CONSORTIUM
16

17                                      DEMAND FOR JURY TRIAL

18

19  PLAINTIFFS ALLEGE AGAINST DEFENDANTS:

20                            INTRODUCTION

21      1.      This is an action by Plaintiff REYNALDO CARPIO to recover damages arising from a

22  single vehicle truck accident where Plaintiff was sitting in the passenger seat of the vehicle, as well

23  as an action by his wife, Plaintiff GLENDA CARPIO, for loss of consortium. The truck was owned

24  by Defendant A-1 GROUP LLC ("A-1 GROUP"), and Defendant THANH DIEN was driving the

25  vehicle.

26

27

28
                                       -1-

## PARTIES AND JURISDICTION

2.  At all times herein mentioned, Plaintiff **REYNALDO CARPIO** and **GLENDA CAPRIO** (hereinafter "Plaintiffs"), was, and is now, an individual adult natural person residing in the State of California.

3.  Defendant **A-1 GROUP** is a California Limited Liability Corporation with its principal place of business in Los Angeles County, California

4.  Plaintiff was a truck driver for Defendant A-1 GROUP on or about August 9, 2015.

5.  Defendant **DIEN THANH** (hereinafter "DIEN"), is an individual natural person residing in the State of California in San Bernardino County.

6.  Defendant DIEN THANH was an agent for A-1 GROUP.

7.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes, and thereon allege, that each of the fictitiously named Defendants caused injury to Plaintiffs as herein alleged, and that Plaintiffs' rights against such fictitiously named Defendants arise from such injury.

8.  This Court has subject matter jurisdiction as the aggregate amount of the claims exceeds $25,000, and personal jurisdiction over defendants under Code of Civil Procedure §410.10, in that defendants reside and/or do business in Los Angeles County, California, or otherwise have the requisite minimum contacts with the State such as to justify this Court exercising jurisdiction over them.

## COMMON ALLEGATIONS

9.  Plaintiffs refers to paragraphs (1) through (8) of this complaint and incorporate them by reference as if the same were set forth herein in entirety.

10. On or about August 9, 2015, Defendant DIEN was driving the truck owned by Defendant A-1 GROUP and DOES 1 to 10.

11. Plaintiff REYNALDO CARPIO was a passenger at the time of the incident;  Plaintiff REYNALDO CARPIO and Defendant DIEN rode together and drove in shifts.

12.    At approximately 4:30am while driving east on I-10 in Fort Stockton TX, Defendant DIEN lost control of the vehicle, veered off the road, and collided with a concrete overpass.

13.    Defendant DIEN was negligent in his driving by losing control of the vehicle, veering off the road, and colliding with the concrete overpass.  Specifically, DIEN had a duty to use due care in his driving, breached his legal duty by veering off the road likely due to fatigue or inattention, and the breach of DIEN's duty was the proximate cause of the accident and thus Plaintiffs' injuries.

14.    As a result of this incident, Plaintiff REYNALDO CARPIO has suffered major injuries, including a fracture at L2-3.

15.    On August 15, 2015, Plaintiff REYNALDO CARPIO underwent a discectomy at L2-3.

16.    After being discharged, Plaintiff REYNALDO CARPIO returned to his home in California and has received follow-up orthopedic treatment in California.

17.    Plaintiff REYNALDO CARPIO has suffered hospital and medical expenses, past wage loss, loss of earning capacity, and general damages, according to proof.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

(By Plaintiff REYNALDO CAPRIO against Defendants A-1 GROUP, DIEN, and DOES 1 to 10)

18.    Plaintiff refers to paragraphs (1) through (17) of this complaint and incorporates them by reference as if the same were set forth herein in entirety.

19.    Defendant DIEN's negligence makes him liable directly to Plaintiff REYNALDO CARPIO.

20.    Defendant DIEN was an agent or employee of A-1 GROUP and DOES 1 to 10 at the time of the incident.

21.    Defendant DIEN was acting within the scope of his agency or employment with A-1 GROUP and DOES 1 to 10 at the time of the incident.

22.    As a direct and proximate cause of the negligence of Defendants, Plaintiff REYNALDO CARPIO suffered serious and permanent injuries and damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION:**
**NEGLIGENCE AND FAILURE TO MAINTAIN WORKERS COMPENSATION INSURANCE**
(Labor Code sections 3706-3709)
(By Plaintiff REYNALDO CAPRIO against Defendants A-1 GROUP and DOES 1 to 10)

23.     Plaintiff REYNALDO CARPIO refers to paragraphs (1) through (22) of this complaint and incorporates them by reference as if the same were set forth herein in entirety.

24.     For purposes of this cause of action only, Plaintiff REYNALDO CARPIO is alleged to be an employee of Defendant A1-GROUP and DOES 1 to 10.

25.     Employers in California are required by Labor Code section 3700, et seq., to carry and maintain Workers Compensation insurance to protect employees who are injured during a work-related incident.

26.     Defendant A1-GROUP and DOES 1 to 10 failed to carry and maintain Workers Compensation insurance at the time of the August 9, 2015 incident.

27.     As Defendant A1-GROUP and DOES 1 to 10 were willfully uninsured, Plaintiff REYNALDO CARPIO is entitled to bring this cause of action as workers compensation exclusivity does not apply.

28.     Defendant A-1 GROUP and DOES 1 to 10 are presumed negligent pursuant to California Labor Code 3708. Additionally, it is not a defense to the willfully uninsured defendant employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant.

29.     As a direct and proximate cause of the negligence of Defendants, Plaintiff REYNALDO CARPIO suffered serious and permanent injuries and damages in an amount to be proven at trial.

30.     Plaintiff REYNALDO CARPIO is also entitled to reasonable attorney's fees pursuant to Labor Code 3709.


**THIRD CAUSE OF ACTION**

**LOSS OF CONSORTIUM**
(By Plaintiff GLENDA CARPIO against Defendants A-1 GROUP, DIEN, and DOES 1 to 10)

31.     Plaintiff GLENDA CARPIO refers to paragraphs (1) through (30) of this complaint and incorporates them by reference as if the same were set forth herein in entirety.

-4-
COMPLAINT

32.     Plaintiff, GLENDA CARPIO and her spouse, Plaintiff REYNALDO CARPIO, are, and at all times mentioned in the Complaint were, husband and wife.

33.     As alleged in Paragraphs 1 through 33, inclusive, Defendants, and each of them, are liable in tort for the injuries to Plaintiff, REYNALDO CARPIO.

34.     Prior to the incident which forms the basis of this lawsuit, Plaintiff REYNALDO CARPIO was able to and did perform his duties as a husband.  Subsequent to the severe and disabling injuries sustained by him, and as a direct and proximate result thereof, he has been unable to perform his duties as a husband.

35.     As a direct and proximate result of the aforementioned conduct of the Defendants, and each of them, and as a result of the injuries and damages to Plaintiff, REYNALDO CARPIO, Plaintiff GLENDA CARPIO has been deprived of the love, affection, society, companionship, solace or moral support, comfort, protection, care, enjoyment of sexual relations, and support and physical assistance in the operation and maintenance of the home, of her husband, REYNALDO CARPIO, and has thereby sustained, and will continue to sustain, damages in an amount within the jurisdiction of this Court and to be shown according to proof.

## DEMAND FOR JURY TRIAL

36.     Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1.      For general damages, including, but not limited to, pain and suffering, physical, mental and emotional distress in an amount to be determined at trial and within the jurisdiction of this court;

2.      For special damages, including, but not limited to, physician fees, hospitalization costs, medical supplies and medication costs, transportation expenses, and lost wages in an amount to be determined at trial and within the jurisdiction of this court;

3.      For future medical expenses in an amount to be determined at trial and within the jurisdiction of this court;

4.    For attorney's fees pursuant to LC 3709 for the second cause of action;

5.    For costs of suit;

6.    For prejudgment interest from the date of the incident;

7.    For such other and further relief that this honorable court deems just, fair, equitable and proper in the interest of justice.

Dated: February 5, 2016

Andrew D. Sitzer, Esq.
Attorney for Plaintiffs,
Reynaldo Carpio and Glenda Carpio

-6-
COMPLAINT

# EXHIBIT "B"

*ORIGINAL*

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Eric I. Ryanen | 146559 | |

Rizio Law Firm PC
1801 H Parkcourt Place
Santa Ana, CA 92701

(714) 505-2468
FAX NO.:
(714) 547-1245

**FILED**
Superior Court of California
County of Los Angeles

SEP 22 2016

Sherri R. Carter, Executive Officer/Clerk
By ___Raul___ Deputy
Raul Sanchez

D-97

ATTORNEY FOR (Name): Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, 90012
PLAINTIFF:
Reynaldo Carpio et al.
DEFENDANT:
A-1 Group LLC et al.

| AMENDMENT TO COMPLAINT (Fictitious /Incorrect Name) | CASE NUMBER: BC609172 |
|---|---|

☐ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME

Dhillon Express LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 09/21/16 | Eric I. Ryanen | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____ Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

*LexisNexis® Automated California County Forms*

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1801 H Parkcourt Place, Santa Ana, California 92701

On September 21, 2016, I served on all interested parties in this action the foregoing document described as: AMENDMENT TO COMPLAINT

[ X ]  By placing [ ] the original; [XXX ] the original to propounding party and copies to all other parties; [ X ] a true copy thereof of the document(s):

CO COUNSEL/ATTORNEY FOR PLAINTIFFS:
LAW OFFICES OF ANDREW D. SITZER
Andrew Sitzer, Bar No.: 239986
930 E. Santa Ana Blvd.
Santa Ana, CA 92701
(800) 420-8653
(888) 458-1559 fax

ATTORNEY FOR ALLIED (RELATED CASE):
Ian P. Culver, Esq.
Booth LLP
1849 Sawtelle, Suite 500
Los Angeles, CA 90025
(310) 641-1800
(310) 641-1818 fax
iculver@boothllp.com

DEFENDANT IN PRO PER:
Thanh Dien
1682 Glenview
San Bernardino, CA 92411

[ ]  **VIA FACSIMILE:** I transmitted, via facsimile, the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

[ X ]  **VIA MAIL:** I placed the document(s) listed above in sealed envelope(s) addressed as set forth above to be deposited in the mail at Santa Ana, California as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal Service with postage thereon fully prepaid on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]  **VIA CERTIFIED RETURN RECEIPT:** I placed the document(s) listed above in a sealed Certified Return Receipt envelope(s) with postage thereon fully prepaid in the mail at Santa Ana, California addressed as set forth above.

[ ]  **VIA FEDERAL EXPRESS:** I placed the document(s) listed above in a sealed FedEx envelope(s) addressed as set forth above and affixing a pre-paid air bill, and caused the envelope(s) to be delivered to a FedEx agent for overnight delivery.

[ ]  **VIA PERSONAL DELIVERY:** I personally delivered the document(s) listed above to the person(s) at the address(es) set forth above.

1       I declare under penalty of perjury, under the laws of the State of California, that the above

2  is true and correct.

3       Executed this 21st day of September, 2016, at Santa Ana, California.

4

5                  Michele A. Markus